UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JEFFERY WEAVER,

        Plaintiff,                      Case No. 1:08-cv-876

v.                                        Honorable Gordon J. Quist

JENNIFER GRANHOLM,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

    I.       Factual allegations

Plaintiff is currently incarcerated at the Mid-Michigan Correctional Facility. In his *pro se* complaint, Plaintiff sues Governor Granholm. Plaintiff's allegations are as follows:

> CLAIM #1 - THE GOVERNOR OF THE STATE OF MICHIGAN VIOLATED THE CONSTITUTIONAL LEGISLATIVE BODY'S "SPHERE OF AUTHORITY" WHEN SHE ISSUED EXECUTIVE ORDER 2005-1 WHICH TOOK EFFECT ON MARCH 27, 2005 CREATING THE STATE OFFICE OF ADMINISTRATIVE HEARINGS AND RULES (SOAHR) AS A TYPE-1 AGENCY IN THE MICHIGAN DEPARTMENT OF LABOR AND ECONOMIC GROWTH THUS REMOVING ALL SUBJECT MATTER JURISDICTION OF MAJOR MISCONDUCT HEARING FROM THE DEPARTMENT OF CORRECTION HEARING DIVISION TO (SOAHR). MCLA 791.25(1) READS "THERE IS CREATED WITHIN THE DEPARTMENT A HEARINGS DIVISION. THE DIVISION SHALL BE UNDER THE DIRECTION AND SUPERVISION OF THE HEARINGS ADMINISTRATOR WHO IS APPOINTED BY THE DIRECTOR OF THE DEPARTMENT." MCLA 791.25(2) "THE HEARINGS DIVISION SHALL BE RESPONSIBLE FOR EACH PRISONER HEARING WHICH THE DEPARTMENT CONDUCTS WHICH MAY RESULT IN THE PRISONER OF A RIGHT . . ." THUS VIOLATING THE PLAINTIFF'S RIGHTS TO PROCEDURAL DUE PROCESS.

(Compl. at 3, docket #1).

For relief, Plaintiff requests the Court (1) declare Executive Order 2005-1 unconstitutional; (2) invalidate and "dismiss all of the Plaintiff's findings on major misconduct hearings from March 27, 2005"; (3) award compensatory and punitive damages; and (4) declare "all hearing of the SOAHR pertaining to major misconducts as unconstitutional." (Compl. at 3.)

    II.      Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a

claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To the extent Plaintiff demands that all of his major misconduct convictions after March 27, 2005 be dismissed, his claim is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff asserts that Executive Order 2005-1 was unconstitutional, and, therefore, the misconduct hearings conducted according to that order also were unconstitutional. Plaintiff seeks to have the Court dismiss any misconduct convictions conducted in compliance with Executive Order 2005-1 and requests monetary relief for fees and damages. The Supreme Court has held that claims for declaratory relief and monetary damages that necessarily imply the invalidity of the punishment imposed are not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). The *Edwards* Court relied upon *Heck* 512 U.S. at 486-87, which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the

prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id.*; *see also Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007); *Bailey v. McCoy*, No. 98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit decisions applying *Edwards* to procedural due process challenges).

In *Muhammad v. Close*, 540 U.S. 749, 754-55 (2004), the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *Id.*; *Thomas*, 481 F.3d at 439; *Johnson v. Coolman*, 102 F. App'x 460, 461 (6th Cir. 2004). The Court noted that "[t]he effect of disciplinary proceedings on good-time credits is a matter of state law or regulation." *Muhammad*, 540 U.S. at 754. Under Michigan law, a prisoner loses good-time credits for the month of his major misconduct disciplinary conviction. *See* MICH. COMP. LAWS § 800.33. In addition, the warden may order forfeiture of previously accumulated good-time credits in cases. *Id.* Plaintiff does not assert that he did not forfeit good-time credits for any of his misconduct convictions since March 27, 2005. Accordingly, Plaintiff's claim remains noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary convictions. *See Shavers v. Stapleton*, 102 F. App'x 900, 901 (6th Cir. 2004).

Under Michigan law, a prisoner may seek a rehearing of a decision made by the Hearings Division within thirty calendar days after a copy of the Major Misconduct Hearing Report is received. MICH. COMP. LAWS § 791.254; MICH. DEP'T OF CORR. Policy Directive 03.03.105,

¶ DDD (effective Jan. 1, 2007).  Upon denial of his motion for rehearing, a prisoner may file an application for leave to appeal in the state circuit court.  *See* MICH. COMP. LAWS § 791.255(2); Policy Directive 03.03.105, ¶ GGG (concerning appeal).  If he is not successful, he may then seek to overturn the convictions by bringing a federal habeas corpus action.[1]

Plaintiff does not allege that he sought relief in state court or sought to overturn his misconduct convictions in a habeas petition.  Moreover, his allegations make clear that his convictions have not been invalidated.  Accordingly, Plaintiff's § 1983 claim is not presently cognizable.  He therefore fails to state a claim on which relief can be granted.  *See Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, 84 F. App'x 553, 555 (6th Cir. 2003) (same); *Harris v. Truesdell*, 79 F. App'x 756, 758-59 (6th Cir. 2003) (same).

To the extent Plaintiff claims that Governor Granholm violated his due process rights because Executive Order 2005-1 placed jurisdiction over major misconduct hearings under the purview of the Department of Labor and Economic Growth, he fails to state a claim.  Plaintiff asserts that Executive Order 2005-1 violated MICH. COMP. LAWS § 791.251, which provides that major misconduct hearings are administered under the Michigan Department of Corrections. (Compl. at 3.)  Claims under § 1983 may not be based upon alleged violations of state law, nor may federal courts order state officials to comply with their own law.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984).  Plaintiff does not enjoy any federally protected liberty or

---

[1] A misconduct conviction results in the loss of good-time credits, which is equivalent to a loss of a "shortened prison sentence." *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). A challenge to a "shortened" prison sentence is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). However, a prisoner must exhaust available state remedies before bringing a habeas corpus action, which would include appealing the conviction through the state courts. *See* 28 U.S.C. § 2254(b)(1).

property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Sweeton v. Brown*, 27 F.3d 1162, 1164 (6th Cir. 1994). Therefore, he fails to state a claim that his due process rights were violated.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  November 21, 2008              /s/ Gordon J. Quist
                                       Gordon J. Quist
                                       United States District Judge